George A. KEEPERS, M.D., Plaintiff,

v.

Otis BOWEN, M.D., Secretary of United States Department of Health and Human Services; Edward Martin, Director, Bureau of Health Care Delivery and Assistance; James H. Daugherty, Director, Division of Health Services Scholarships, Bureau of Health Care Delivery and Assistance, Department of Health and Human Services; Kenneth Moritsugu, Chief, National Health Service Corps, Defendants.

Civ. No. 85–796–FR.

United States District Court,
D. Oregon.

Oct. 8, 1986.

Marc D. Blackman, Ranson, Blackman & Simson, Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Jack G. Collins, Asst. U.S. Atty., Portland, Or., for defendants.

ORDER

FRYE, District Judge:

The matters before the court are the cross-motions for summary judgment filed by the parties.

## UNDISPUTED FACTS

In 1974 George M. Keepers, M.D., the plaintiff herein, applied for and received a National Health Service Corps scholarship to cover tuition and other educational expenses for three years of medical school training. In return Dr. Keepers agreed to serve as a medical doctor for three years in a designated health manpower shortage area.

Dr. Keepers graduated from Baylor College of Medicine in 1977. He received a four year deferment of his obligation to serve in a designated health manpower shortage area so that he could complete post-graduate medical training in psychiatry at the University of Oregon Health Sciences University (OHSU). Dr. Keepers completed his post-graduate training in psychiatry in July, 1981, and began to fulfill his service obligation by working with the Indian Health Services on the Warm Springs Indian Reservation on July 27, 1981.

In July, 1982, funding for Dr. Keepers' work on the Indian reservation was reduced. From July, 1982 until July, 1983, Dr. Keepers worked two days a week with the Indian Health Services on the Warm Springs Indian Reservation and three days a week at a public clinic servicing indigent and chronically mentally ill patients in downtown Portland.

From August, 1983 until August, 1984, Dr. Keepers worked for two days a month with the Indian Health Services on the Warm Springs Indian Reservation and full time at the public clinic servicing indigent and chronically mentally ill patients in downtown Portland. The public clinic in downtown Portland where Dr. Keepers performed services for indigent and chronically mentally ill patients was not located in a designated health manpower shortage area.

Defendants declared Dr. Keepers in default on his service obligations. Dr. Keepers contends he has fulfilled his service obligations.

### DISCUSSION AND RULING

Dr. Keepers did not have a choice of where he could fulfill his service obligation. The choice remained at all times with the Secretary of Health and Human Services. The work Dr. Keepers performed at the public clinic servicing indigent and chronically mentally ill patients in downtown Portland did not qualify as performance in a health manpower shortage area. Dr. Keepers refused to move to a designated health manpower shortage area because he wanted to stay in Portland with his wife, who had a job at OHSU. Dr. Keepers has not substantially performed his contract with the National Health Service Corps.

There are no material issues of fact in dispute. Summary judgment is therefore appropriate. All legal issues have been resolved by the court in favor of defendants.

IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED. Counsel for defendants shall prepare the appropriate documents to dispose of this case.